# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WAYNE GILLEY, )
 )
        Petitioner, )
 )
v. ) Case No. CIV 05-440-RAW-KEW
 )
HASKELL HIGGINS, Warden, )
 )
        Respondent. )

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, alleges he was awarded insufficient earned credits while on Pre-Parole Conditional Supervision (PPCS) from August 25, 1992, until December 8, 1997. The respondent alleges this petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).

The record shows that the Oklahoma Department of Corrections probation and parole staff removed petitioner from PPCS on December 8, 1997. He apparently waited until August 8, 2005, to file a Request to Staff concerning his earned credits. He was denied relief because he was not entitled to the additional credits, and the Director's Designee affirmed that decision on August 30, 2005.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- . . .

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. . . .

28 U.S.C. § 2244(d)(1)(D). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Here, the court finds the limitation period began to run on December 8, 1997, when petitioner was removed from PPCS, and the factual the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). He, therefore, had until December 8, 1998, to file this petition, which was not filed until October 31, 2005. He did not commence his administrative remedies until the deadline had passed, so there is no statutory tolling of the deadline. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner argues that the limitation period should be equitably tolled, because his parole officer, facility counselor, and case manager told him he should not request the additional credits until he was within 120 days of discharging his sentence. While the limitation period may be tolled for extraordinary circumstances over which a petitioner had no control, the court finds petitioner's circumstances do not warrant tolling, and he has not demonstrated due diligence in pursuing his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted), *cert. denied*, 531 U.S. 1194 (2001). The court, therefore, finds that equitable tolling is not warranted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all

respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 4th day of December 2007.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**